# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. 19-708 ) |
| BETHEL PARK SCHOOL DISTRICT And JOSEPH PASQUERILLA | ) ) ) |
| Defendants. | ) ) |

## OPINION and ORDER

In this civil rights employment discrimination action, Plaintiff Lisa Jones sue Defendants Joseph Pasquerilla and the Bethel Park School District. Am. Compl. ECF No. 14. Plaintiff asserts two claims. In Count I, Plaintiff alleges a Fourteenth Amendment Due Process claim, pursuant to 42 U.S.C. § 1983, against both Defendants. In Count II, she asserts an Age Discrimination in Employment Act claim against the Bethel Park School District. Plaintiff initially filed a Complaint on June 17, 2019. ECF No. 1. Defendants filed a Partial Motion to Dismiss on July 19, 2019. ECF No. 12. In response, Plaintiff filed an Amended Complaint, rendering the Defendants' Partial Motion to Dismiss moot. ECF No. 14. filed Pending before the Court is the Defendants' Partial Motion to Dismiss the Amended Complaint Pursuant to Rules 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure. ECF No. 15. For the reasons that follow, the Defendants' Motion to Dismiss will be denied.

## I.  BACKGROUND

Plaintiff Lisa Jones began working as a long-term substitute teacher for the Bethel Park School District during the 1999-2000 school year. Am. Compl. ¶ 7. She was hired as a full-time

elementary gifted education for the 2000-2001 school year, working in that position until 2011 when she began working as a full-time kindergarten teacher. *Id.* at ¶¶ 7-9. In 2011, the Bethel Park School District underwent a reorganization pursuant to 24 Pa. Cons. Stat. § 11-1124. *Id.* at ¶ 10. Pursuant to the reorganization, and unrelated to her performance, Plaintiff was demoted to part-time professional employee status. *Id.* Plaintiff did not contest the demotion. *Id.*

Since her demotion, Plaintiff alleges that Bethel Park School District engaged in a variety of methods to fill full-time positions with less senior teachers for which Plaintiff was properly certified. *Id.* at ¶¶ 19, 21. The Bethel Park School District has, in part, filled full-time positions without posting the vacancy or advising Plaintiff of the open position. *Id.* at ¶ 21. The Bethel Park School District changed their method of filling full-time positions for the 2018-2019 school year and began posting vacancies. *Id.* at ¶¶ 27-28. Plaintiff applied for one such position available in the same building where she worked. *Id.* at ¶ 29. A younger, less senior person was appointed to the position instead of Plaintiff. *Id.* Plaintiff challenged the decision, asserting that the Bethel Park School District violated 24 Pa. Cons. Stat. § 11-1125.1. *Id.* at ¶ 30. Plaintiff requested a hearing, which was denied. *Id.*

Thereafter, the Bethel Park School District reverted to a method of filling full-time positions that, in one fashion or another, bypassed Plaintiff for certain open full-time positions, which were filled by persons with less seniority than Plaintiff. *Id.* at ¶¶ 31, 33-35. The Bethel Park School District failed to provide Plaintiff with notice of the reasons she was not being offered an opportunity to fill open positions, or an opportunity to be heard. *Id.* at ¶ 36. Plaintiff alleges that Joseph Pasquerilla, the Superintendent of the Bethel Park School District, designed and effectuated the practice and policy followed by the Bethel Park School District, with the

2

intention of denying Plaintiff notice and the opportunity to be heard on her entitlement to her protected property interest in a full-time teaching position. *Id.* at ¶ 37.

## II. STANDARD OF REVIEW

In accordance with Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A pleading may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To survive such a motion to dismiss, the short and plain statement of the claim must contain sufficient factual allegations "to raise a right of relief above the speculative level." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, to state a claim, the complaint must contain enough factual matter, taken as true, to show that the claim is plausible. *Id.* at 556. Stated differently, a claim is facially plausible when the pleading contains sufficient facts to draw a reasonable inference that the defendant is liable for the conduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court clarified that this plausibility standard should not be conflated with a higher probability standard. *Id.*

The reviewing court must undertake a three-step analysis to determine if a complaint will survive a motion to dismiss. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, the court must identify the elements necessary to state the claim. *Id.* Second, it must ignore pure legal conclusions, and it need not accept "unsupported conclusions and unwarranted inferences." *Id.*; *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013). Finally, with the well-pleaded facts remaining, it must "determine whether they plausibly give rise to an entitlement to relief." *Connelly*, 809 F.3d at 787 (citing *Iqbal*, 556 U.S. at 676). The plausibility of the well-pleaded facts is judged using the court's "judicial experience and common sense." *Iqbal*, 556

3

U.S. at 679.

## III. DISCUSSION

Defendants' Partial Motion to Dismiss is solely directed to Plaintiff's Fourteenth Amendment Due Process claim, Count I. ECF No. 72. Defendants argue that Count I must be dismissed because Plaintiff failed to complete the relevant Collective Bargaining Agreement grievance procedure requiring arbitration. Defendants also argue that Count I should be dismissed for failure to join a necessary party under Federal Rule of Civil Procedure 19. Finally, because Plaintiff sues Mr. Pasquerilla in his individual capacity only, Defendants' Partial Motion to Dismiss Count I asserted against Joseph Pasquerilla in his official capacity is moot.

### A. Failure to follow Grievance Procedure

Defendants rely on *Alvin v. Suzuki*, 227 F.3d 107 (3d Cir. 2000), in arguing that Count I should be dismissed. However, Plaintiff seeks redress for the Bethel Park School District's failure to provide her with a hearing prior to appointing other persons to a teaching position. Plaintiff asserts that she had a constitutionally protected property interest in a teaching position. The failure to provide a pre-deprivation hearing in such circumstances, gives rise to a separate due process claim, regardless of available post-deprivation procedures. *Schmidt v. Creedon*, 639 F.3d 587, 597 (3d Cir. 2011). Thus, Plaintiff has properly stated a Fourteenth Amended Due Process claim in Count I, and Defendants' Partial Motion to Dismiss is DENIED.

### B. Joinder

Next, Defendants move to dismiss Count I pursuant to Federal Rule of Civil Procedure 12(b)(7), for failure to join the Bethel Park Federation of Teachers, Local 1607 (the "Union") as

a required party under Rule 19. Rule 19 specifies the circumstances in which the joinder of a particular party is compulsory." *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007). Rule 19(a)(1)(B)(i) and (ii), provide as follows:

> **(a) Persons Required to Be Joined if Feasible.**
> **(1) Required Party.** A person who is subject to service of process and whose joinder will not deprive the court of subject matter must be joined as a party if
> . . .
> **(B)** that person claims an interest relating to the subject of the action and is so situated that the disposing of the action in the person's absence may:
> **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
> **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. Proc. 19(a)(1)(b)(i) and (ii).

Under Rule 19(a)(1)(B)(i), "the court must decide whether determination of the rights of those persons named as parties to the action would impair or impede an absent party's ability to protect its interest in the subject matter of the litigation." *Gen. Refractories Co.*, 500 F.3d at 316 (citing former Rule 19(a)(2)(i), now Rule 19(a)(1)(B)(i).[1] The Third Circuit has explained that just because the outcome of a case may act as "persuasive precedent" against an absent party, the Court was "not inclined to hold that any potential effect the doctrine [of *stare decisis*] may have on an absent party's rights makes the absent party's joinder compulsory under Rule 19." *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 407 (3d Cir.1993). Under Rule 19(a)(1)(B)(ii), "the court is not to be concerned about whether an absent party would be subject to the risk of multiple or inconsistent obligations, but rather '*an existing party.*'" *Pittsburgh*

---

[1] Rule 19 was amended in 2007 "as part of the general restyling of the Civil Rules to make them more easily understood.... [t]hese changes are intended to be stylistic only." Fed.R.Civ.P. 19 advisory committee's note (discussing the 2007 amendments).

*Logistics Sys., Inc. v. C.R. England, Inc.*, 669 F. Supp. 2d 613, 620 (W.D. Pa. 2009) (emphasis in original) (quoting *Am. Home Mortgage Corp. v. First Am. Title Ins. Co.,* CA No. 07–1257, 2007 WL 3349320, *6–7, 2007 U.S. Dist. LEXIS 83337, *23 (D.N.J. Nov. 9, 2007).

Defendants' argument falls short of explaining why the Union is a necessary party under Rule 19 and applicable law. Instead, Defendants conclude that because Plaintiff includes allegations mentioning the Union and that the Collective Bargaining Agreement contravenes Pennsylvania Statutory law, the Union's rights would be adversely affected. Defendants imply that a decision in this action in favor of Plaintiff would require the Union to alter its Collective bargaining Agreement.

Plaintiff's lawsuit concerns the deprivation of her procedural due process rights through the Defendants (i) abridging her legislatively created rights, specifically 24 Pa. Cons. Stat. § 11-1125.1; and (ii) depriving her of her protected property interest in a full-time position without notice or an opportunity to be heard. As the focus of Plaintiff's action is on Defendants' conduct, and legislatively created rights that would supersede contrary provisions in a Collective Bargaining agreement, a disposition of this action in the absence of the Union would not impair or impede the Union's ability to protect its interests.

A disposition in this action against Defendants may result in findings that affect the Bethel Park School District's relationship with the Union in regard to future negotiations, a commonplace consequence that may occur in any civil rights action against a school district. The Union would be able to protect its interests and make its own determinations as to the conduct and outcome of negotiations of the terms of any future Collective Bargaining Agreement. Thus, Defendants have not set forth the kind of direct and immediate effects that a

6

judgment in the Union's absence would have on the Union sufficient to require joinder. *Janney Montgomery Scott*, 11 F.3d at 407. Finally, there is no risk that either Plaintiff or Defendants would be subject to "a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the [Union's] interest." Fed. R. Civ. Proc. 19(a)(1)(B)(ii). Accordingly, Defendants' Partial Motion to Dismiss for failure to join a required party is DENIED.

### C. Joseph Pasquerilla is Sued in his Individual Capacity

Plaintiff explains that she is suing Joseph Pasquerilla in his individual capacity only. She notes that Defendants are unable to cite any portion of the Amended Complaint that raises an official capacity suit. As such, Defendants' Partial Motion to Dismiss Count I asserted against Mr. Pasquerilla in his official capacity is moot.

### IV. CONCLUSION

Based on the foregoing, Defendants' Partial Motion to Dismiss (ECF No. 15) is DENIED. Defendants' Answer shall be due within 14 days of the Court's decision on Plaintiff's Motion Seeking Leave to File Second Amended Complaint.

IT IS SO ORDERED.

Dated: December 31, 2019                    s/ *Marilyn J. Horan*
                                            Marilyn J. Horan
                                            United States District Court Judge